IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2198-FL

| | |
|---|---|
| THOMAS RAY NICHOLS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | ORDER |

Petitioner, a federal inmate, filed this habeas petition pursuant to 28 U.S.C. § 2241, which this court dismissed without prejudice on November 29, 2010. The matter now is before the court on petitioner's motion for reconsideration (DE # 5). For the following reasons, petitioner's motion for reconsideration is denied.

Although petitioner classifies his motion as a motion for reconsideration, the court treats it as a motion under Federal Rule of Civil Procedure 60(b). See Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978). Rule 60(b) authorizes the court to "relieve a party . . . from final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect; . . . newly discovered evidence . . . [;or] fraud, . . . misrepresentation, or misconduct by an opposing party." Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per

curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266.

One of Rule 60(b)'s threshold requirements is that the movant demonstrate a meritorious claim or defense. It appears that petitioner's 60(b) motion is an attempt to re-litigate issues already addressed in that he again argues that he received ineffective assistance of counsel at his criminal trial, which is a claim that should be asserted pursuant to 28 U.S.C. § 2255 and not § 2241. Federal Rule of Civil Procedure 61 provides:

> [N]o error in admitting or excluding evidence–or any other error by the court or a party–is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

See United States v. One 1979 Rolls-Royce Corniche Convertible, 770 F.2d 713, 715-16 (7th Cir. 1985); Buzz Off Insect Shield, LLC v. S.C. Johnson & Son, Inc., 606 F.Supp. 2d 571, 579 (M.D.N.C. Mar. 6, 2009).

The court finds that there are no errors affecting petitioner's substantial rights. Moreover, petitioner's attempt to re-litigate the issues addressed in his previous Rule 60(b) motion is not appropriate. See CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995) (per curiam) (quoting United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982)); Saunders v. City of Petersburg Police Dept., No. 05-2240, 2005 WL 3542461, at *1 (4th Cir. Dec. 28, 2005) (per curiam) (stating "Rule 60(b) may not be used to re-litigate claims already decided by the court"). Finally, petitioner has not demonstrated that he has moved promptly in filing this motion. Based

upon the foregoing, petitioner has not met the threshold requirements to proceed with a Rule 60(b) motion. Thus, his Rule 60(b) motion (DE # 5) is DENIED.

SO ORDERED, this the 15th day of March, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

3